Christopher and Linda Blake, Plaintiffs Pro Se
16018 224th Avenue NE
Woodinville, WA 98077
Tele: (503) 708-1941

FILED
LODGED
RECEIVED

SEP 19 2013

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
## SEATTLE DIVISION

| | |
|---|---|
| CHRISTOPHER A. BLAKE and LINDA B. BLAKE,<br><br>Plaintiffs,<br><br>v.<br><br>1) US BANK, NATIONAL ASSOCIATION as Trustee for the STANWICH MORTGAGE LOAN TRUST SERIES 2012-3; 2) CARRINGTON MORTGAGE SERVICES, LLC; 3) Does 1-10 inclusive;<br><br>Defendants. | Case No.: **2:12-cv-02186-MJP**<br><br>**MOTION FOR SUMMARY JUDGMENT**<br><br><br>12-CV-02186-ANS |

## MOTION FOR SUMMARY JUDGMENT

**COMES NOW** Plaintiffs Christopher and Linda Blake, appearing in Pro Per, and, pursuant to Rule 56 of the Federal Rules of Civil Procedure, move this Court for summary judgment against defendants and all of them. Material undisputed facts demonstrate that the defendants do not have any interest in the Plaintiffs' subject property and that the title and each and every cause of action plead in the complaint should be granted. Judgment should therefore be entered in favor of the Plaintiffs.

1
MOTION FOR SUMMARY JUDGMENT

This motion is supported by the memorandum of points and authorities and the exhibits attached hereto.

## THE PARTIES

Plaintiffs are residents of the State of Washington and the lawful owner of a parcel of Real Property, (hereinafter "Subject Property"), commonly known as: 16018 224th Avenue NE Woodinville, WA 98077. The Subject Property is located in King County, State of Washington.

Defendant, US Bank, National Association, ("US BANK"), is and at all times herein mentioned was conducting ongoing business in the County of King, State of Washington. Through belief, Defendant, US BANK is a national banking association organized and existing under the laws of the United States of America. The address of its headquarters and principal place of business is 425 Walnut Street Cincinnati, OH 45202.

Through belief, Defendant, Carrington Mortgage Services, LLC, ("CARRINGTON"), is a foreign limited liability company under the laws of the Delaware with its headquarters and principal place of business located at 1610 E. St. Andrew Place B-150 Santa Ana, CA 92705. At all relevant times, CARRINGTON has transacted and continues to transact business throughout the State of Washington, including King County.

## ARGUMENT

### Legal Standard

Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). The party seeking summary judgment has the initial burden of showing that there is no genuine issue of material fact. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S. Ct. 1598 (1970); *Zozlow v. MCA Distributing Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). Once the moving party has met its burden by presenting evidence that would entitle the moving party to a directed verdict at trial, the burden shifts to the responding party to set forth specific facts demonstrating that there is a genuine issue of material fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-51 (1986); *see also Cal. Arch. Bldg. Prod., Inc., v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1468 (9th Cir. 1987).

A material fact is one that affects the outcome of the litigation and requires a trial to resolve the differing versions of the truth. *Anderson, 477 U.S. at 248 - 249; see also SEC v. Seaboard Corp., 677 F.2d 1301, 1306 (9th Cir. 1982)*. Where the record taken as whole could not lead a rational trier of fact to find for the nonmoving party, there is no "genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (quoting *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 289 (1968)).

Here, there is no genuine issue of material fact.

Admissions of material fact made by the opposing party in pleadings are particularly appropriate support for a summary judgment motion. Plaintiffs submit the parties met telephonically on August 15, 2013, to discuss the request for production of documents propounded by Plaintiffs, as well as a potential early settlement on the above captioned case.

Plaintiffs agreed to submit a settlement proposal on or before August 23, 2013. Plaintiffs further questioned Counsel for Defendants on the reasons why Defendants have not produced the items clearly listed within the Plaintiffs request for production of documents. Counsel for Defendants admitted in the call that, "My client does not have the items you are seeking." Plaintiffs additionally questioned the attorney-client privilege claim asserted within Defendants' response, specifically directing their question in relation to a privilege log. Counsel for Defendants did not have an answer if she had, in fact, kept a log.

Washington law establishes three categories of those who are entitled to enforce a negotiable instrument:

(1) The holder of the instrument;

(2) A non-holder in possession of the instrument who has the rights of a holder; or

(3) A person not in possession of the instrument who is entitled to enforce the instrument.

For it to be a holder, Defendants have to present evidence there was a transfer of possession and an endorsement by the holder prior to the filing of the law suit. Defendants have not done so at the time of filing.

Defendants have claimed to file the original promissory note. However, it "bears an undated endorsement that appears to be a carbon/toner reproduction, not one signed in color ink." The mere filing of the original promissory note subsequent to the filing of the initial complaint is not evidence that Defendants were the holder at the time of the filing of the lawsuit.

In this case, Defendants, and all of them, failed to meet this burden because the record before the trial court reflected a genuine issue of material fact as to Defendants' standing. The proper party with standing to foreclose a note and/or mortgage is the holder of the note and mortgage or the holder's representative.

Defendants have not established that it is the real party in interest, is in privity of contract with the true holder of the note or is shown to be authorized to bring this action.

It is axiomatic that a suit cannot be prosecuted to foreclose a mortgage which secures the payment of a promissory note, unless the Defendants actually hold the original note. Since Defendants have failed to present any evidence that it obtained possession and became the holder of the promissory note prior to filing this complaint, this Court should grant Plaintiffs' motion for summary judgment.

In this case, the undisputed facts show that Defendants do not have any standing in this controversy.

"The practical effect of splitting the deed of trust from the promissory note is to make it impossible for the holder of the note to foreclose, unless the holder of the deed of trust is the agent of the holder of the note. [Citation omitted.] Without the agency relationship, the person holding only the note lacks the power to foreclose in the event of default. The person holding only the deed of trust will never experience default because only the holder of the note is entitled to payment of the underlying obligation. [Citation omitted.] The mortgage loan becomes ineffectual when the note holder did not also hold the deed of trust." *Bellistri v. Ocwen Loan Servicing, LLC, 284 S.W.3d 619, 623 (Mo. App. 2009).*

Defendants are probably going to argue the principle of equitable assignment. However, Defendants are precluded from relying on this theory as it did not plead equitable assignment. Moreover, if Defendants wish to re-file and plead equitable assignment, then it would not be

entitled to seek a money judgment for payments for taxes, insurance and other items that are contained in the written mortgage, but not the promissory note.

## CONCLUSION

Summary judgment should be granted because there are no triable issues in this case – *See Supra*.

**WHEREFORE**, Plaintiffs respectfully request that the court grant this motion for summary judgment.

Dated: September 16, 2013.

Respectfully Submitted,

_____

Christopher and Linda Blake, Plaintiffs Pro Se

16018 224th Avenue NE

Woodinville, WA 98077

Tele: (503) 708-1941

## PROOF OF SERVICE BY MAIL

On September __16th__, 2013, I served the documents described as:

Plaintiffs' Motion for Summary Judgment

On all interested parties in this action by placing a true and correct copy thereof in a sealed envelope, with first-class postage prepaid thereon, and deposited said envelope in the United States mail addressed to:

**Renee M. Parker [SBN 36995]**
WRIGHT, FINLAY & ZAK, LLP
4665 MACARTHUR COURT STE 280
NEWPORT BEACH, CA 92660
949-477-5050

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 16, 2013, in Woodinville, WA.

(City, state of signing)

Christopher and Linda Blake, Plaintiffs Pro Se
16018 224th Avenue NE
Woodinville, WA 98077
Tele: (503) 708-1941

C & L Blake
16018 224th Ave NE
Woodinville, WA
98077

SEATTLE WA 980
18 SEP 2013 PM 3 L

US District Courthouse
Clerk's Office
700 Stewart Street, Suite 2310
Seattle, WA
98101

98101444285

FILED
LODGED
RECEIVED

SEP 19 2013

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY _____ DEPUTY