1

2

3

4

5

6

7

8
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
9
AT SEATTLE

10 CHRISTOPHER A. BLAKE and LINDA B. BLAKE,

CASE NO. C12-2186 MJP

11                            Plaintiffs,

ORDER GRANTING DEFENDANTS' MOTION FOR

12       v.

SUMMARY JUDGMENT AND DENYING PLAINTIFFS' MOTION

13 U.S. BANK NATIONAL ASSOCIATION as trustee for the

FOR SUMMARY JUDGMENT

14 Stanwich Mortgage Loan Trust Series 2012-2 and CARRINGTON

15 MORTGAGE SERVICES, LLC, et al.,                        Defendants.

16

17         THIS MATTER comes before the Court on cross motions for summary judgment by

18 Defendants U.S. Bank, N.A and Carrington Mortgage Services, LLC (Dkt. No. 24) and pro se

19 Plaintiffs Christopher A. Blake and Linda B. Blake (Dkt. No. 28). Having considered the

20 motions, Plaintiffs' Complaint (Dkt. No. 1), and all related papers, the Court GRANTS

21 Defendants' Motion for Summary Judgment and DENIES Plaintiffs' Motion for Summary

22 Judgment.

23

24

**<u>Background</u>**

On March 5, 2007, Plaintiffs entered into an agreement with Wells Fargo Bank, N.A., for a residential loan in the principal amount of $699,250.00. (<u>See</u> Compl. ¶¶ 8–10, Dkt. No. 1; Croft Decl. ¶ 9, Dkt. No. 26) The loan was memorialized by an "Initial Interest Adjustable Rate Note" executed on the same day. (<u>See</u> Dkt. No. 1 at ¶ 9; Dkt. No. 26 at ¶ 9.) Wells Fargo retained possession of the Note until the loan was sold and securitized pursuant to a Mortgage Loan Purchase Agreement ("MPLA") and Pooling and Servicing Agreement ("PSA") between Stanwich Mortgage Acquisition Company II, LLC, as depositor, Defendant Carrington Mortgage Services, LLC, as servicer, Defendant U.S. Bank, N.A., as trustee, and Wells Fargo. (<u>See</u> Dkt. No. 1 at ¶ 11; Exh. A, Dkt. No. 26 at 4.) At that time, the Note, indorsed in blank by Wells Fargo, was transferred to Carrington as servicer for Stanwich Mortgage Loan Trust Series 2012-3 (the "Trust"). (<u>See</u> Dkt. No. 26 at ¶ 10–11.) As servicer for the Trust, Carrington is responsible for providing notices regarding the loan and initiating foreclosure proceedings following default. (<u>See</u> Dkt. No. 26 at ¶¶ 4–5.) Carrington has retained custody of the Note and its counsel is prepared to produce the original Note if called to do so. (Parker Decl., Dkt. No. 25 at ¶ 2; Ex. C, Dkt. No. 25 at 3.)

On December 14, 2012, Plaintiffs filed a scattershot complaint seeking injunctive relief against foreclosure (Second Cause of Action) and a declaratory judgment to the effect that Defendants lack the authority to foreclose (First and Fourth Cause of Action). (Dkt. No. 1 at ¶¶ 44–54; 58–67.)  They also ask the Court to quiet title to the property in their name (Third Cause of Action). (Dkt. No. 1 at ¶¶ 55–57.)

Plaintiffs and Defendants now move for summary judgment.

**Analysis**

I.      Legal Standard on a Motion Summary Judgment

Federal Rule 56(a) provides that the court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In determining whether a factual dispute requiring trial exists, the court must view the record in the light most favorable to the nonmovant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). All material facts alleged by the non-moving party are assumed to be true, and all inferences must be drawn in that party's favor. Davis v. Team Elec. Co., 520 F.3d 1080, 1088 (9th Cir. 2008).

A dispute about a material fact is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248. There is no genuine issue for trial "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). When a lawsuit consists of multiple causes of action, the court may grant summary judgment on all or any part thereof. Fed. R. Civ. P. 56(a).

II.     Declaratory Judgment and Lack of Authority to Foreclose

In their Complaint, Plaintiffs explain, "The gravamen of Plaintiffs' lawsuit is, 1) Defendants and the TRUST are not holders or holders in due course of the NOTE and 2) Defendants and the TRUST are not beneficiaries under the [Deed of Trust], and accordingly do not have standing to enforce the [Deed of Trust]." (Dkt. No. 1 at ¶ 15.) Plaintiffs' first cause of action for declaratory relief is based on this theory that Defendants do not hold the Note or are not the beneficiaries and therefore cannot foreclose on Plaintiffs' loan. (Dkt. No. 1 at ¶¶ 44–50.)

ORDER GRANTING DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT AND DENYING
PLAINTIFFS' MOTION FOR SUMMARY
JUDGMENT- 3

1  Plaintiffs' fourth cause of action ("Lack of Standing to Foreclose") is based on the same general

2  allegations. (Dkt. No. 1 at ¶¶ 58–67.)

3          Plaintiffs' "show me the note" tactic of forestalling foreclosure has been thoroughly

4  discredited by federal courts in this district. Petree v. Chase Bank, No. 12-cv-5548-RBL, 2012

5  WL 6061219, at *2 (W.D. Wash. Dec. 6, 2012) (collecting cases). Under Washington law, the

6  only proof of beneficial ownership required prior to foreclosure is a "declaration by the

7  beneficiary made under penalty of perjury stating that the beneficiary is the actual holder of the

8  promissory note." RCW 61.24.030(7). There is no requirement that the foreclosing party show

9  the borrower the actual note. Having submitted a declaration establishing that servicer

10  Carrington has been the holder of the Note since May 2012—as well as submitting a copy of the

11  Note itself—Defendants have conclusively established beneficial ownership and thus authority to

12  foreclose. (See Dkt. No. 25, 26.) In contrast, Plaintiffs rely on a vague, irrelevant statement

13  purportedly made by counsel for Defendants during a discovery dispute. (Pl's Mot. Summ. Judg.,

14  Dkt. No. 28 at 3.) Even viewing the evidence in the light most favorable to Plaintiffs, Defendants

15  have shown that there is no issue of material fact with respect to the authority of Carrington to

16  foreclose on Plaintiffs' defaulting loan.

17          Plaintiffs also attempt to challenge the "validity of the [Deed of Trust] as of the date the

18  NOTE was assigned without a concurrent assignment of the underlying [Deed of Trust]." (Dkt.

19  No. 1 at ¶ 49.) The Court understands this allegation to be a variation on a "split the note"

20  argument—the theory that if ownership of a deed of trust is split from the ownership of the

21  underlying promissory note, one or both of those documents becomes unenforceable and no

22  party can foreclose. This argument has also been rejected by courts in Washington. See Abrams

23  v. Wachovia Mortg., No. C12-1679 JLR, 2013 1855746, at *2 (W.D. Wash. April 30, 2013). The

24

ORDER GRANTING DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT AND DENYING
PLAINTIFFS' MOTION FOR SUMMARY
JUDGMENT- 4

1  power to initiate foreclosure lies with the holder of the promissory note regardless of any

2  assignment of the deed of trust. See Bain v. Metropolitan Mortg. Group, Inc., 175 Wn.2d 83, 89

3  (2012).

4        To the extent that Plaintiffs argue that securitization process itself is an impediment to

5  foreclosure (see Dkt. No. 1 at ¶ 42), this argument also lacks merit. See Cuddeback v. Bear

6  Stearns Residential Mortg. Corp., No. 12-1300 RSM, 2013 WL 5692846, *3 (W.D. Wash. Sept.

7  10, 2013). The authority to foreclose on a defaulting loan remains with the noteholder when a

8  loan is securitized.

9        III.    Injunctive Relief

10        Plaintiffs' second cause of action is labeled "Injunctive Relief." (Dkt. No. 1 at ¶¶ 51–54.)

11  Injunctive relief is a remedy and not a cause of action. Kwai Ling Chan v. Chase Home Loans,

12  Inc., No. C12–0273 JLR, 2012 WL 1576164, *7 (W.D. Wash. May 4, 2012). As discussed

13  above, Plaintiffs have not established their right to any remedy, much less the extraordinary

14  remedy of injunctive relief.

15        IV.    Quiet Title

16        Finally, Plaintiffs bring a claim to quiet title to the underlying property. (Dkt. No. 1 at ¶¶

17  55–57.) To succeed in a quiet title action, Plaintiff must first pay the outstanding debt on which

18  the subject mortgage or deed of trust is based. Thein v. Reconstruct Co., N.A., No. C11-5939

19  BHS, 2012 WL 527530, at *2 (W.D. Wash. Feb 16., 2012). Plaintiffs have not alleged that they

20  have paid or offered to pay the balance on their loan, so summary judgment is warranted on this

21  claim as well.

22

23

24

ORDER GRANTING DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT AND DENYING
PLAINTIFFS' MOTION FOR SUMMARY
JUDGMENT- 5

1

2                                        **<u>Conclusion</u>**

3              Because there is no genuine dispute with respect to the facts giving Defendants the

4      authority to initiate foreclosure proceedings on a defaulting Note, the Court GRANTS

5      Defendants' Motion for Summary Judgment and DENIES Plaintiffs' Motion for Summary

6      Judgment.

7

8              The clerk is ordered to provide copies of this order to Plaintiffs and all counsel.

9              Dated this   27th   day of November, 2013.

10

11

12                                              _Marsha J. Pechman_

13                                              Marsha J. Pechman
                                                Chief United States District Judge

14

15

16

17

18

19

20

21

22

23

24
       ORDER GRANTING DEFENDANTS' MOTION
       FOR SUMMARY JUDGMENT AND DENYING
       PLAINTIFFS' MOTION FOR SUMMARY
       JUDGMENT- 6