UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHRISTOPHER A. BLAKE and LINDA B. BLAKE,<br><br>Plaintiffs,<br><br>v.<br><br>US BANK NATIONAL ASSOCIATION as trustee for the Stanwich Mortgage Loan Trust Series 2012-2 and CARRINGTON MORTGAGE SERVICES, LLC, et al.,<br><br>Defendants. | CASE NO. C12-2186 MJP<br><br>ORDER DENYING MOTION FOR RECONSIDERATION |

THIS MATTER comes before the Court on Plaintiffs' Motion for Reconsideration (Dkt. No. 34) of the Court's summary judgment order (Dkt. No. 32). Having considered Plaintiffs' Motion and their late-filed Response (Dkt. No. 35) to Defendants' motion for summary judgment, the Court DENIES the motion.

**Analysis**

Motions for reconsideration are disfavored in this District. Local Civil Rule 7(h)(1). "The court will ordinarily deny such motions in the absence of a showing of manifest error in the

ORDER DENYING MOTION FOR
RECONSIDERATION- 1

prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." Id. Plaintiffs fail to acknowledge this standard. Instead, they file a tardy Response to Defendants' summary judgment motion of several months ago. (Dkt. No. 35.) To the extent there may be manifest error in the Court's decision, the Court considers the tardy response brief and the arguments raised in the motion for reconsideration. As explained below, the Court finds no manifest error.

I. Motion for Reconsideration

Plaintiffs' motion for reconsideration merely asks the Court to grant Plaintiffs leave to submit an amended complaint. Plaintiffs filed their complaint in December of 2012 and had many opportunities to amend their complaint—both with and without leave of the Court—prior to this date. Furthermore, Plaintiffs do not suggest any new facts or claims would be set forth in a First Amended Complaint, instead promising to frame old allegations "in a form that is more recognizable to the Court." (Dkt. No. 24 at 2.) Since even their motion to reconsider contains boilerplate language that misrepresents the facts of this case—suggesting that they filed "a timely response" to Defendant's motion for summary judgment, when they in fact filed a response more than a month after such a response was due and after the Court had already issued its judgment—that promise seems unlikely to be fulfilled.

Although pro se plaintiffs are held "to less stringent standards than formal pleadings drafted by lawyers," Haines v. Kerner, 404 U.S. 519, 520 (1972), "courts should not have to serve as advocates for pro se litigants." Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987). Here, the Court would be stepping out of its role as objective arbiter to reopen the case on the mere hope that an amended complaint would present cognizable claims.

II. Response to Motion for Summary Judgment

Neither does Plaintiffs' Response to Defendants' summary judgment motion demonstrate manifest error in the Court's grant of summary judgment to Defendants. (Dkt. No. 35.) Plaintiffs complain that with more opportunity for discovery, they would have been better able to prove their claims. (Id. at 2–3.) But Plaintiffs do not point to any error in this Court's discovery orders. Plaintiffs also make conclusory arguments about the presence of disputed facts, but cannot point to a single fact in the record to support those arguments. (Id. at 3, 7.) These arguments and the boilerplate citations that consume the rest of Plaintiffs' Motion fail to demonstrate manifest error in the Court's grant of summary judgment to Defendants.

**Conclusion**

Because Plaintiffs do not demonstrate manifest error in the Court's grant of summary judgment to Defendants, the Court DENIES Plaintiffs' Motion to Reconsider.

The clerk is ordered to provide copies of this order to all counsel.

Dated this 13th day of January, 2014.

Marsha J. Pechman
Chief United States District Judge

ORDER DENYING MOTION FOR
RECONSIDERATION- 3